PAUL M. WARNER, United States Attorney (#3389)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
CLARK A. HARMS, Special Assistant United States Attorney (#6713)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT
29 SEP '03 PM 6:06
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | I N D I C T M E N T |
| --- | --- | --- |
| Plaintiff, | : | VIO. 18 U.S.C. §§ 1341 |
| vs. | : | MAIL FRAUD |
| | : | |
| SUSAN G. COLLINS | : | |
| Defendant. | : | |



The Grand Jury Charges:

Judge Dale A. Kimball
DECK TYPE: Criminal
DATE STAMP: 09/24/2003 @ 16:20:27
CASE NUMBER: 2:03CR00752 DAK

### INTRODUCTION

1. At all times material herein, Defendant SUSAN G. COLLINS was a duly appointed Salt Lake County Constable for Salt Lake County, State of Utah.

2. At all times material herein, Defendant SUSAN G. COLLINS, in her capacity as County Constable, was under contract with Salt Lake City Corporation to provide services, including the services of serving summonses, arrest warrants, and collection orders on individuals subject to court jurisdiction within the city.

**SCHEME AND ARTIFICE**

3. From about June, 1993, until at least February, 2000, defendant SUSAN G. COLLINS did devise and intend to devise a scheme and artifice to defraud and for obtaining property from Salt Lake City Corporation by means of false and fraudulent pretenses, representations, and promises.

4. As a part of the scheme and artifice to defraud, Defendant SUSAN G. COLLINS, acting as a Salt Lake County Constable, entered into a contract with Salt Lake City Corporation. The purpose of this contract was to execute arrest warrants, bench warrants, summonses, and collection orders entered by courts on criminal cases in which Salt Lake City was the prosecuting entity. The provisions of the contract provided that SUSAN G. COLLINS would be paid a predetermined sum of money for each process successfully served by COLLINS or her deputies.

5. A provision of the contract provided as follows: "The parties mutually agree that Constable (COLLINS) will be paid a fixed fee per each paper actually served. Payment shall not be due for any process not actually served by Constable or Constable's deputy as provided herein. However, if Constable is able to provide evidence acceptable to City that payment of a penalty or posting of bail by a particular defendant for which the City is billed by Constable is the direct proximate result of personal contact, as opposed to telephonic or written contact, by Constable or Constable's deputy at the defendant's residence or

place of business, such shall be deemed to constitute actual service hereunder. Papers or documents shall not be considered actually served merely because a defendant pays a penalty or posts bail."

6. As a further part of the scheme and artifice to defraud, Defendant SUSAN G. COLLINS established a practice of billing Salt Lake City Corporation for process not served by SUSAN G. COLLINS or her deputies, notwithstanding the provisions of the contract outlined above. The practice entailed obtaining warrants, summonses, and other process, and holding them without engaging in any effort to serve them for a period of time ranging from two to three months. After that period had elapsed, COLLINS' staff, acting at her direction, would obtain a list of recalled warrants. A warrant may be recalled for a number of reasons other than its being served; for example: Arrest by any police officer, voluntary surrender to the court, bail amount paid through the Utah State "Gotcha" program, or payment of a fine without appearance. In those instances, notwithstanding the provisions of the contract, COLLINS personally submitted monthly statements to Salt Lake City Corporation seeking payment for the service of those warrants, even though neither she nor her deputies took any part in the service, nor were they the proximate cause of personal contact by COLLINS or any deputy.

7. As a further part of the scheme and artifice to defraud, SUSAN G. COLLINS caused Salt Lake City Corporation to send, by United States Mail, an amount of money that represented both the

amounts she was rightfully entitled to under the contract and the amounts obtained through the fraudulent billing which was unauthorized under the terms of the contract. These moneys were co-mingled in both the billing and in the compensation provided monthly by the city.

8. As a result of the scheme and artifice to defraud, and over period time from July, 1993 through February, 2000, Salt Lake City Corporation paid to SUSAN G. COLLINS, for services billed to them. Of the amounts paid, approximately 33% represented legitimate compensation due under the provisions of the contract. Approximately 67% represented fraudulent billings to which SUSAN G. COLLINS was not entitled, but which she obtained.

**COUNTS 1-18**

9. Paragraphs 1 through 8 of this indictment are incorporated and re-alleged herein.

10. On or about the dates following, in the Central Division of the District of Utah and elsewhere,

SUSAN G. COLLINS,

defendant herein, having devised and intended to devise the above-described scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations and promises, for the purpose of executing said scheme and artifice to defraud, did knowingly cause to be delivered by the United States mail according to the directions thereon, the

following items of mail matter, that is, checks for moneys obtained in whole or in part as a result of the above described scheme and artifice to defraud, said checks being sent from Salt Lake City Corporation to the defendant's office in Salt Lake City, Utah, each such mailing being a separate count of this indictment:

| **COUNT** | **DATE** | **LOCATION** |
|---|---|---|
| 1 | September 30, 1998 | $25,461.50 |
| 2 | October 31, 1998 | 25,416.00 |
| 3 | November 30, 1998 | 20,993.50 |
| 4 | December 31, 1998 | 22,691.50 |
| 5 | January 31, 1999 | 28,512.00 |
| 6 | February 28, 1999 | 34,011.00 |
| 7 | March 31, 1999 | 48,812.50 |
| 8 | April 30, 1999 | 8,498.00 |
| 9 | May 31, 1999 | 34,020.00 |
| 10 | June 30, 1999 | 37,614.50 |
| 11 | July 31, 1999 | 30,909.50 |
| 12 | August 31, 1999 | 35,955.00 |
| 13 | September 30, 1999 | 40,801.50 |
| 14 | October 31, 1999 | 44,130.50 |
| 15 | November 30, 1999 | 35,053.50 |
| 16 | December 31, 1999 | 32,757.50 |
| 17 | January 31, 2000 | 24,704.00 |
| 18 | February 28, 2000 | 27,721.00 |

all in violation of 18 U.S.C. §1341.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

PAUL M. WARNER
United States Attorney

_____
RICHARD D. McKELVIE
Assistant United States Attorney

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION – IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

**Name of District Court, and/or Judge/Magistrate Location (City)**
CENTRAL DISTRICT OF UTAH

FILED
CLERK'S DISTRICT COURT
24 SEP 03 PM 6:06
DISTRICT OF UTAH
BY: _____ DEPUTY CLERK

**OFFENSE CHARGED**
MAIL FRAUD
☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**Place of offense**
CENTRAL DIVISION
SALT LAKE CCOUNTY
DISTRICT OF UTAH

**U.S.C. Citation**
18:1341

**DEFENDANT – U.S. vs.**
SUSAN G. COLLINS

Address:
Birth Date: (Optional unless a juvenile)
☐ Male  ☐ Female   ☐ Alien (if applicable)

## PROCEEDING

**Name of Complainant Agency, or Person (& Title, if any)**
Gib Wilson, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**
PAUL M. WARNER
☒ U.S. Att'y  ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**
RICHARD D. McKELVIE

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction         ☐ Fed'l  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed   Mo. / Day / Year

DATE OF ARREST
Or... if Arresting Agency & Warrant were not Federal
Mo. / Day / Year

DATE TRANSFERRED TO U.S. CUSTODY
Mo. / Day / Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PLEASE ISSUE WARRANT FOR ARREST. DEFENDANT IS NOT IN CUSTODY.



UNSEALED